

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2003

# USA v. Irvin

Precedential or Non-Precedential: Non-Precedential

Docket 02-2477

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Irvin" (2003). *2003 Decisions.* Paper 789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2477
_____

UNITED STATES OF AMERICA

vs.

TERRANCE IRVIN
a/k/a
Terrence Irvin

Terrance Irvin,
Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Criminal No. 01-cr-00072)
District Judge: The Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
January 21, 2003

BEFORE: BECKER, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.

(Filed February 26, 2003)

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, Terrance Irvin, was convicted following a jury trial of (1) distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); and (2) knowingly receiving in interstate commerce a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). He was sentenced to a term of imprisonment of 51 months with credit for 12 months already served. In this appeal he contends that the District Court erred by attributing 77 bags of crack cocaine to him in computing his sentencing. We will affirm.

The facts and legal procedure of this case are well known to counsel, the parties, and the District Court, so we will not restate them here. We review the District Court's determination of drug quantity for clear error. The determination must be supported by a preponderance of the evidence. *See e.g.*, *United States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 1999). It is enough to say that there was sufficient evidence at trial, which if accepted as credible by the jury, would establish that 77 bags should indeed be attributable to appellant. Moreover, the total weight of drugs attributable to Irvin exceeds the quantity necessary to support the Guideline range, if the Court merely takes the 39 bags conceded by Irvin, multiplied by the drug weight of .25 grams per bag established by expert testimony. The District Court made specific factual findings on the record at the

sentencing hearing, which the evidence supports.  Thus, whether one accepts the findings of

the District Court at sentencing based upon the sworn testimony at trial, or the alternative

method noted above, there is sufficient evidence to support the sentence imposed on

appellant.  We will affirm.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge